[S. F. No. 522.   Department One.—September 10, 1897.]

PIERRE CAUHAPE, Administrator, etc., Appellant, v. SECURITY SAVINGS BANK et al., Respondents.

ORDER GRANTING NEW TRIAL—DISCRETION—INSUFFICIENCY OF EVIDENCE—INFERENCES OF FACT FROM UNCONTRADICTED EVIDENCE—REVIEW UPON APPEAL.—Where the grounds of a motion for a new trial include the insufficiency of the evidence to justify the decision, the appellate court cannot interfere with the discretion of the trial court to set aside the findings and to grant a new trial for such insufficiency, although the only conflict in the evidence consists of doubtful inferences of ultimate facts to be deduced from uncontradicted probative facts, it being exclusively within the province of the trial court to make all inferences and deductions of fact, where the facts necessary to support the judgment do not naturally follow as a necessary sequence from the   probative facts, but must depend upon inferences to be deduced therefrom.

APPEAL from an order of the Superior Court of the City and County of San Francisco, granting a new trial.   William T. Wallace, Judge.

The action was brought by Mary Cauhape, formerly Mary Pond, to recover a sum of three thousand dollars alleged to have been had and received by the Security Savings Bank to the use of the plaintiff, and to have it determined that an adverse claim to that sum made by the executors of the estate of Cora L. Floyd, deceased, to said moneys, was invalid.   The evidence showed that the father of Cora L. Floyd had willed two thousand dollars to Mary Pond, and shortly before his death told his daughter Cora, who was the residuary legatee of his estate, in the presence of an executor of his will, that he had left a sum in his will to Mary Pond "for her faithful services," and he wished Cora to give Mary Pond, on his death, five thousand dollars, and he wished the executor to be a witness to this.   The two thousand dollars was paid over according to the terms of the will; and Cora L. Floyd deposited a further sum of three thousand dollars in the Security Savings Bank on term deposit account, in her own name, and gave the bank a written direction signed by her, requesting it to "please pay to Mary Pond, or order, the dividends on my term deposit account for the sum of three thousand dollars, No. 1356, until further notice."   Cora L. Floyd died, without revoking the or-

der, or giving any further notice or direction to the bank.   After making the deposit, she stated as a reason why she had not paid over the principal, that Mary Pond had lost the money given her under the will, or that her husband had spent it, "and that she did not intend to give her any more, so she could get hold of it, for fear that she or her husband would lose that also, but that she had had it deposited in the Security Savings Bank for her, so she could have the income, but could not get away with the principal, and when she grew older or had a child, she might have something to depend upon," and "that she had kept a sort of nest egg for this woman who had been very good to her father." From the evidence, the court found in favor of plaintiff's right to the three thousand dollars, and gave judgment therefor.   Defendant moved for a new trial, assigning the insufficiency of the evidence to justify the decision in various particulars, and also errors of law occurring at the trial, and excepted to by the defendant.   The court granted the motion for a new trial, and the plaintiff appealed from the order.

A. F. Morrison, and Edward J. Pringle, for Appellant.

There is no serious question of fact in the case; and the order granting a new trial was the result apparently of a change in the view first taken by the trial court of the law bearing upon the facts.   A trust in personal property in favor of the plaintiff was established by the evidence.   Such a trust may rest in parol. (Civ. Code, sec. 2221; *Silvey v. Hodgdon*, 52 Cal. 363; *Hellman v. McWilliams*, 70 Cal. 449; *Doran v. Doran*, 99 Cal. 311; *Curdy v. Berton*, 79 Cal. 423; 12 Am. St. Rep. 157; *Williams v. Vreeland*, 32 N. J. Eq. 135; *Williams v. Fitch*, 18 N. Y. 546; *Roche v. George*, 93 Ky. 609; *Chamberlain v. Chamberlain*, Freem. Ch. 34; *Strickland v. Aldridge*, 9 Ad. & E. 516; 27 Am. & Eng. Ency. of Law, 54, 83.)   There was no claim to be presented against the estate of Cora L. Floyd.   The trust fund was a specific one, which had not reached that estate, and was no part of it.   (*Roach v. Caraffa*, 85 Cal. 442; *McGrath v. Carroll*, 110 Cal. 82.)

Oliver P. Evans, and Sidney V. Smith, for Respondents.

VAN FLEET, J.—Appeal from an order granting a new trial. The grounds of the motion for new trial included that of in-

sufficiency of the evidence to justify the decision, and the order granting the motion was general in terms.

It is assumed as a premise by appellant, upon which he bases his argument for a reversal, that "there is no serious question of fact in the case; and the order granting a new trial was the result apparently of a change of the view first taken by the trial court of the law bearing upon the facts." The record fails to sustain this assumption. While the evidence tending to prove the circumstances relied on by plaintiff to sustain his right to recover was uncontradicted, the ultimate facts to be deduced therefrom depended largely and essentially upon inferences not in themselves obvious or certain. When the facts necessary to sustain the judgment do not naturally follow as a necessary sequence from the probative facts, but must depend upon inferences to be deduced therefrom, it is as exclusively the province of the trial court to make those deductions and find the facts, as where the evidence itself is conflicting. In fact, the evidence may, in such an instance, be said in one sense to be conflicting, since the facts which it tends to prove are uncertain until found.

In such a case, the trial court having in its discretion set aside its findings, for this court to reverse its order would be in effect coercing it to a particular conclusion upon a controverted question of fact, and this it is not within our power to do.

This renders the other questions discussed impertinent to our present inquiry.

Order affirmed.

Harrison, J., and Beatty, C. J., concurred.