[S. F. No. 12207. Department Two.—January 25, 1928.]

KRELL BUCK, Appellant, v. B. W. BORCHERS, Respondent.

C. M. Booth, C. W. Moore and George B. Harris for Appellant.

F. H. Benson and D. T. Jenkins for Respondent.

LANGDON, ▓▓▓▓ This is an appeal by the plaintiff from an order granting defendant's motion for a new trial based upon insufficiency of the evidence. The action was for damages for personal injuries resulting from defendant's alleged negligence. The defendant was driving an automobile and the plaintiff was riding upon a motorcycle at the time of the accident. The record discloses a conflict in the testimony. While there is evidence in support of the verdict, there is also evidence which, if believed, would exonerate the defendant, such as the testimony to the effect that the plaintiff was driving at a terrific rate of speed at the time of the accident and that there were no lights upon the motorcycle, although the accident occurred at night; that the defendant swerved to his left in a vain attempt to avoid plaintiff. There is also the evidence afforded by the photographs that the motorcycle crashed into the side of the defendant's automobile, evidently at a high rate of speed. There is also in evidence the further fact that the plaintiff was riding upon a motorcycle having a seat for only one person and that that seat was occupied by a girl companion,

while plaintiff sat in front of her in a position not intended for the operator of the vehicle.

Under these circumstances we may not interfere with the discretion vested in the trial court upon an application for a new trial. This court has recently stated in *Rosenberg* v. *Moore,* 194 Cal. 393 [229 Pac. 34], that if there is a substantial conflict in the evidence the trial court will not be deemed to have abused its discretion when it has determined that the verdict or finding is against the weight of the evidence and that there should be a new trial. It is useless to cite further authorities for a proposition of law as well settled as is the one applicable here. Numerous authorities are cited in the case last mentioned and many more are available to the same effect.

The order appealed from is affirmed.

Richards, J., and Shenk, J., concurred.