[Civ. No. 9224. First Appellate District, Division Two.—February 16, 1934.]

W. L. GLASCOCK, Appellant, v. LUCILLE WATTERS et al., Respondents.

714

Hubbard & Hubbard for Appellant.

James M. Koford for Respondents.

SPENCE, J.—Plaintiff sued to recover damages for personal injuries. Upon a trial by jury plaintiff had judgment against defendants for the sum of $1500. A motion for new trial was made in the trial court and from the order granting said motion, plaintiff appeals.

The only point argued by appellant is that the trial court erred in granting a new trial on the ground of insufficiency of the evidence. The motion was made upon several grounds and the order was not based solely upon the ground mentioned, but also "upon all issues". Respondents argue that the order was properly made upon the ground of error in the instructions as well as the ground of insuffi-

ciency of the evidence. It is therefore apparent that appellant's brief is inadequate to show error in the trial court's ruling. (*Weaver* v. *Shell Oil Co. of California,* 129 Cal. App. 232 [18 Pac. (2d) 736].)

We have nevertheless considered the ground of insufficiency of the evidence and are satisfied that the trial court's ruling was proper upon that ground alone. The rules which govern the trial courts in passing upon motions for new trials on the ground of insufficiency of the evidence and the rules which govern the appellate courts on appeals from orders granting such motions are well settled. (*Buck* v. *Borchers,* 203 Cal. 210 [263 Pac. 226]; *Rosenberg* v. *George A. Moore & Co.,* 194 Cal. 392 [229 Pac. 34]; *Gordon* v. *Roberts,* 162 Cal. 506 [123 Pac. 288]; *Green* v. *Soule,* 145 Cal. 96 [78 Pac. 337]; *Malloway* v. *Hughes,* 125 Cal. App. 573 [13 Pac. (2d) 1062]; *Moss* v. *Stubbs,* 111 Cal. App. 359 [295 Pac. 572, 296 Pac. 86]; *Morgan* v. *Los Angeles Pacific Co.,* 13 Cal. App. 12 [108 Pac. 735].)

From the authorities cited it is clear that a trial court may, in its discretion, grant a new trial on the ground of insufficiency of the evidence even in a case where there is sufficient evidence to support the judgment on appeal in the event that a new trial is denied. It is also clear that an appellate court may not disturb the order granting such motion unless it clearly appears that there has been an abuse of discretion.

In the present case there was but little conflict in the testimony, but, upon the peculiar state of facts, the most that can be said in favor of appellant is that conflicting inferences might have been drawn on the issues of negligence and contributory negligence. The accident happened at about 8:45 P. M. Appellant's car was parked near the curb without lights. Respondents' car was being driven at a speed of about twenty-five miles per hour on the same side of the street. As respondents' car approached appellant's car, appellant was walking from the sidewalk across the front of his car with the intention of entering his car on the side toward the center of the street. Respondents' car cleared appellant's car by a distance of three or four feet as it was passing, but appellant, with his left hand on the left front fender of his own car, was struck on the right arm by the handle on the door of respondents' car

and was thrown to the street. Appellant admitted that no portion of respondents' car struck him except the side thereof and it appeared that the fenders of said car extended several inches beyond the door handle. The occupants of respondents' car did not see appellant before the accident occurred, but upon feeling a jar, they stopped and offered aid to appellant. The testimony showed that appellant had "quite an odor" of alcoholic liquor on his breath and he admitted that he had had a "couple of highballs before dinner". The blackboard diagram used by appellant in illustrating his testimony is not before us, but it appears from the testimony found in the transcript that the evidence, if any, tending to show negligence on the part of the driver of respondents' car was slight and that the evidence tending to show negligence on the part of appellant was abundant. In appellant's written statement made prior to the trial he said, "I went back to the car, parked heading up the street, and walked in front of it. I put my left hand on the left front fender and started to step around to the left-hand door when there was a blinding flash. The next I knew some people were trying to help me up." No doubt the trial court was of the opinion that appellant swung around from the front of his car just as respondents' car was passing and that the accident happened solely by reason of appellant's negligence, without any negligence on the part of the driver of respondents' car. There was ample evidence to support this view and it certainly cannot be said that the trial court abused its discretion in granting the motion.

The order granting a new trial is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.