## CURRIER v. INGRAM.

### No. 2978.

Circuit Court of Appeals, First Circuit.

Feb. 27, 1935.

Franklin Hollis, of Concord, N. H. (Demond, Woodworth, Sulloway, Piper & Jones and Jonathan Piper, all of Concord, N. H., on the brief), for appellant.

Samuel T. Holmgren, of Concord, N. H., for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

This is an appeal from the District Court of New Hampshire in an action to recover damages in amount of $20,000 for personal injuries and property damages resulting from the alleged negligence of the defendant appellant in the operation of his automobile. The plaintiff is a resident of Massachusetts, and the defendant a resident of New Hampshire. We shall hereinafter refer to the parties as plaintiff and defendant.

The plaintiff owned and operated a truck, and on the 27th day of March, 1933, was employed to transport a load of furniture from Concord, N. H., to Boston. When about eight miles south of Concord on the main highway, at about 7:30 o'clock in the evening, the gasoline line to the vacuum tank of the truck became disconnected, and the truck stopped. It came to rest near the westerly edge of the asphalt pave-

ment. There was more or less conflict of testimony as to its exact location after the accident. From its verdict the jury may have found, and there was evidence from which it could properly have found, that there was sufficient clear space on the easterly side of the truck for automobiles going in the same direction to pass without difficulty, and several witnesses testified that traffic in that direction was not materially interfered with in passing the truck after the accident.

Before he could start the truck, the plaintiff was obliged to send his helper to a gas station to obtain gas to prime his vacuum tank. While his helper, with the owner of the furniture, who was riding on the truck to Boston, were gone for the gas, and the plaintiff and a brother of the owner of the furniture were engaged in repairing the gasoline connections, a sedan driven by the defendant ran into the rear of the truck with such force as to push it ahead several feet, throwing the plaintiff to the ground and injuring him and damaging the truck so that it had to be towed to Boston.

The issues at the trial were whether the defendant was negligent, and whether the plaintiff in stopping his truck on the asphalt part of the road was guilty of contributory negligence. It was also contended by the defendant that there was no red light showing on the rear of the truck at the time of the accident, and that the plaintiff was also guilty of contributory negligence in not stationing a man at the rear of his truck to warn automobiles going south of the location of the truck.

The jury found for the plaintiff. No question is raised before this court as to the negligence of the defendant in operating his car. The only errors assigned are:

(1) That the presiding judge refused to give the following requested instruction to the jury: "There is evidence from which you may find that the plaintiff was negligent in not having stationed a man at the rear of his truck to warn traffic from the north that the lane for south bound traffic was obstructed by the truck. If you find that he was negligent in this respect and that his negligence contributed to cause his injury then he cannot recover in this action."

(2) That the court against seasonable objection and exception by the defendant, allowed the plaintiff's counsel to argue to the jury as follows: "As to Mr. Welcome,

the state inspector, who went there for the purpose of inspecting and seeing what he could find, as to whether there had been any infraction of the law, he walked away from the scene of the accident and allowed John Ingram to go back to Boston in the crippled condition he was in. There was no occasion for him to make any arrest or stop John Ingram. He went to the front and rear of that truck and found that John Ingram was O K so far as any infraction of the rules of the law was concerned."

We think there was no prejudicial error in the argument of the plaintiff's counsel to the jury. The evidence of the state inspector that he did not arrest the plaintiff for an infraction of the New Hampshire statutes relating to parking his automobile on the traveled part of a highway after dark, and requiring it to have lights in front and rear while stationary in order to warn travelers of its location, though inadmissible as proof that the car was lighted in front and rear, was admitted without objection. At no time during the trial was any request made by defendant's counsel that it be stricken from the record.

If the inspector and other witnesses had not previously testified that there was plenty of room easterly of the truck for automobiles to pass going in either direction, and that both the required headlights and tail-light were lighted, any argument to the jury that since the inspector did not arrest the plaintiff the lights on the plaintiff's truck must have complied with the statute might have been prejudicial. The argument of counsel set forth in the assignment of errors was directed particularly to the positive evidence of the inspector that he examined the truck and found that there were lights both in front and on the rear of the truck, and that they were lighted.

In support of his first assignment of error, counsel for the defendant contends that, although general instructions were given as to what constitutes due care and negligence, and the effect of contributory negligence, the defendant was entitled upon request to have the rule specifically applied to certain facts in the case.

Cases are cited to the effect that, even though correct general instructions are given as to what constitutes negligence and contributory negligence and its effect, if either party requests special instructions as to the effect of certain facts, if found, especially if decisive of the case, it constitutes error to refuse such special instruc-

tions. Simoneau v. Keene Electric Railway, 78 N. H. 363, 100 A. 551, L. R. A. 1918A, 620; Bjork v. United States Bobbin & Shuttle Company, 79 N. H. 402, 111 A. 284, 533; McCarthy v. Souther, 83 N. H. 29, 137 A. 445. The rule, however, is often difficult of application. Charbonneau v. MacRury, 84 N. H. 501, 509, 153 A. 457; Smith v. Boston & Maine Railroad, 85 N. H. 463, 466, 160 A. 480; Morrison v. Boston & Maine Railroad, 86 N. H. 176, 182, 164 A. 553; also see Barnes v. Berkshire Street Railway, 281 Mass. 47, 52, 183 N. E. 416; New England Trust Co. v. Farr (C. C. A.) 57 F.(2d) 103, 112; Grand Trunk Railway Co. v. Ives, 144 U. S. 408, 433, 12 S. Ct. 679, 36 L. Ed. 485. It is a question of whether by such refusal the party requesting the special instruction has been denied a fair trial.

The law of negligence is not difficult of application by a jury. The charge of the presiding justice in this case was clear and explicit as to what constitutes negligence and the effect of contributory negligence. We quote from his charge:

"The gist of this action is negligence. * * * Now negligence is omitting to do something which a reasonable man guided by those considerations which ordinarily regulate the conduct of human affairs would do or doing something that a prudent and reasonable man would not do under the same or like circumstances. It must be determined in all cases by reference to the situation and knowledge of the parties under all the attendant circumstances. Negligence is the failure to use due care. * * *

"As already said, the defendant Currier sets up two grounds of defence: First, that he was not negligent, and, second, contributory negligence on the part of the plaintiff. The first ground of defence I have already explained to you. The second ground is what is known in law as contributory negligence. Now Currier having set up contributory negligence on the part of Ingram, the burden is upon Currier to prove it by the same degree of proof that is required by the plaintiff to prove the defendant's negligence.

"If you are satisfied by a fair preponderance of the evidence that Ingram was negligent in the management of his truck or in any other particular and that such negligence contributed to the accident or to his injuries, then he cannot recover even though you find that the defendant's negligence also contributed to it. Unless you find that Ingram was negligent and that such negligence contributed to his injuries, the defence of contributory negligence is not sustained. You will determine this question as you determine all other questions in the case by a fair preponderance of the evidence adduced by the witnesses."

To have specially instructed the jury that it might find from the evidence that the plaintiff was negligent in not having stationed a man at the rear of the truck to warn traffic from the north that the lane of south-bound traffic was blocked by the truck would have resulted in giving greater effect in the minds of the jury to a single piece of evidence than the circumstances warranted. Whether the failure of the plaintiff in this particular constituted negligence depended on other facts and circumstances not referred to in the requested instruction. The court had already instructed the jury that if they found that the plaintiff was negligent in any particular, and it contributed to his injury, he could not recover.

Whether a reasonably prudent man, under the circumstances disclosed in this case, would have stationed a man at the rear of the truck to warn south-bound traffic of the location of a truck, or whether a failure to do so constituted negligence under the instructions given, was not a complicated question for the jury in this case. The requested instruction in question could not have aided the jury in determining this issue. The law of negligence is elementary and familiar to every lawyer. Counsel was, of course, permitted to argue all the evidence bearing on the defendant's defence of contributory negligence. Rublee v. Belmont, 62 N. H. 365. We cannot conceive of there having been any uncertainty or confusion in the minds of the jury as to what constitutes negligence and the effect of contributory negligence, in view of the clear and comprehensive charge given in this case.

In any event, by no possibility, we think, could the failure to give the requested instruction have been prejudicial to the defendant in this case. Under the instructions given, the jury, in order to find a verdict for the plaintiff, must have found that there was a tail-light showing red at the time of the accident. The court instructed the jury that: "If it did not have a tail light visible, you might find that the plaintiff was negligent in this respect. The evidence on this point is conflicting, and it is entirely a matter for your determination as to whether

or not this truck was equipped with a tail light which was lighted and which was visible. If there were tail lights lighted and visible, then, of course, the defendant's claim in this respect is without any force. The defendant also claims that the plaintiff was negligent in parking his truck where he did. You will consider the statute which I have last read about parking and stopping an automobile when it goes dead, and you must take into account all of the evidence both on the part of the plaintiff Ingram and on the part of the defendant and say whether or not the plaintiff Ingram was guilty of any contributory negligence or violation of the statute."

Having found that the lights on the plaintiff's truck complied with the statute, and that there was no negligence on the part of the plaintiff in stopping his truck where he did, the jury was not warranted in finding that due care also required a man to be stationed at the rear of the truck to warn on-coming traffic. The plaintiff was not bound to assume that the defendant would drive his car at a rate of speed so that he could not stop it within the distance his headlights rendered objects in the road ahead visible, and especially the familiar sign of danger. From the defendant's own testimony, it is apparent that either his own headlights were defective, or his attention was at the time of the accident diverted from the road ahead, and no further reasonable precautions by the plaintiff could have averted the accident.

The judgment of the District Court is affirmed, with interest and with costs.