[Civ. No. 9524. First Appellate District, Division Two.—March 21, 1935.]

CENTRAL NATIONAL BANK OF OAKLAND (a National Banking Association), Respondent, v. J. LYDELL PECK, Appellant.

George M. Naus and James F. Peck for Appellant.

McCarthy, Richards & Carlson for Respondent.

SPENCE, J.—This action was brought to recover the balance due upon a promissory note after the sale of certain stock held as collateral security and the application of the proceeds of said sale to the indebtedness evidenced by said promissory note. By his answer the defendant admitted the execution of the note and collateral agreement and also admitted his default in the payment of the principal and interest on said note. Defendant alleged, however, that the sale of the stock was made in bad faith and therefore constituted a conversion of the stock by plaintiff. Similar allegations were contained in defendant's counterclaim and cross-complaint and he sought damages for the alleged conversion. Upon a trial by jury, a verdict was rendered in favor of defendant on his counterclaim and cross-complaint for the damages found to have been suffered by the alleged conversion less the amount found due on the promissory note. Judgment was entered upon the verdict. Plaintiff made a motion for a new trial which motion was granted "upon the grounds of the insufficiency of the evidence to justify the verdict and that said verdict is against law". Defendant appeals from the order granting a new trial.

We may state that appellant has wholly failed to set forth "a statement of the question involved" on this appeal on the first page of his brief as required by Rule VIII, section 2, of the Rules for the Supreme Court and District Courts

of Appeal. We again call the attention of the bar to this requirement. The observance of said rule is of great assistance to the court and an appellant's failure to observe the same may result in the dismissal of the appeal. (Rule VIII, sec. 4.) We are not inclined to impose the penalty in the present case, but unless said rule is more uniformly observed, the appellate courts may be compelled to impose the penalty to the end that this requirement, designed to expedite the business of the courts, may not become a dead letter.

 It appears that appellant had been indebted to the respondent bank over a period of several years. The note in question was a demand note dated August 31, 1931, in the sum of $7,383. Interest was payable monthly. Letters requesting a payment thereon had been ignored by appellant and the interest payments were nine months in arrears at the time of the sale of the stock in November, 1932. The collateral agreement waived demand, but a demand was nevertheless mailed to appellant on November 1, 1932. No reply was received and the stock was sold to the Central Company on November 10, 1932. The collateral agreement provided for public or private sale and the respondent bank was given the right to become a purchaser "directly or in the name of any other person". The stock was not a listed stock and appellant states that it had no "market value". We assume that appellant means that there was no active market for the stock. Before the sale, officers of the respondent bank made inquiries regarding the value of the stock, but could get no information regarding any recent sales. They learned of a bid of 75 cents per share and advised their broker that in the event he could not obtain a better bid, the Central Company would purchase the stock at that price. No better offer was obtained and the sale to the Central Company was consummated at 75 cents per share. The proceeds were applied on the note and this action was filed on November 19, 1932.

Respondent had sent a statement to appellant regarding the sale and in a letter written by appellant to respondent bank on November 23, 1932, he stated, "It strikes me from your statement that my securities were needlessly sacrificed." The respondent bank replied by stating that if he could find a buyer to purchase the stock at a price equal to or

greater than that paid by the Central Company, said company was willing to deliver the stock to the bank for delivery to the purchaser. Appellant made no reply to this letter. Said offer was again made at the time of the trial, but was not accepted. On the trial both parties introduced evidence regarding the value of the stock at the time of the sale and this evidence was highly conflicting.

As above stated, appellant had not furnished us with a statement of the question involved on this appeal. A reading of his brief leads us to the conclusion that he contends that the trial court abused its discretion in granting a new trial. We find no merit in this contention. The issue raised by appellant on the trial was that of alleged bad faith on the part of respondent in selling the stock to the Central Company, an alleged subsidiary or agent of respondent, at an alleged inadequate price. The most that can possibly be said in favor of appellant was that there was a conflict in the evidence upon this issue and it was therefore within the discretion of the trial court to grant a new trial. (*Buck* v. *Borchers*, 203 Cal. 210 [263 Pac. 226]; *Rosenberg* v. *George A. Moore & Co.*, 194 Cal. 302 [229 Pac. 34]; *Glascock* v. *Watters*, 136 Cal. App. 713 [29 Pac. (2d) 434].) We find nothing whatever to indicate an abuse of discretion in the present case.

The order granting a new trial is affirmed.