[Civ. No. 12251.   Second Appellate District, Division Two.—September 27, 1939.]

UNION OIL COMPANY OF CALIFORNIA (a Corporation), Respondent, v. FRANK H. E. HANE, Appellant.

Murray M. Chotiner, Albert Jack Chotiner, and Russell E. Parsons, for Appellant.

Paul M. Gregg, Jerry H. Powell, L. A. Gibbons, and Douglas C. Gregg, for Respondent.

WOOD, J.—Plaintiff corporation commenced this action to recover for the conversion of a quantity of gasoline alleged to have been wrongfully taken by defendant in the months of August, September and October of 1936. A first trial was held before the court without a jury and judgment was entered in favor of plaintiff for the sum of $13,702.50 as compensatory damages and the further sum of $13,702.50 as punitive damages. From this judgment an appeal was taken by defendant and the judgment was reversed on the sole ground that defendant had been improperly denied a jury trial. (*Union Oil Co. of California* v. *Hane,* 27 Cal. App. (2d) 106 [80 Pac. (2d) 516].) Upon the going down of the *remittitur* a jury trial was conducted, resulting in a verdict for defendant. Thereafter the trial court granted a

motion for a new trial "upon the grounds of insufficiency of the evidence to support the verdict". The present appeal is from the court's order granting plaintiff's motion for a new trial.

From the evidence presented by plaintiff the following facts appear: Plaintiff was the owner of a 10-inch gasoline pipe line at Wilmington, California. This pipe line was tapped by a secret underground ¾-inch pipe and a large quantity of gasoline was thereby removed to a 10,000-gallon underground tank at 1320 B Street, Wilmington, at which point a gasoline service station had been erected. The smaller line ran from the 10-inch line through the service station building except that there was a missing link of pipe 40 feet in length just outside of the service station grounds. When the secret tap was discovered the station was raided and excavation immediately disclosed that the missing link had been so recently removed that the ground underneath still had a strong odor of gasoline. The threads from which the missing link had been disconnected were bright and shiny and gave no indication of corrosion but indicated that the missing portion had been disconnected within 24 hours from the time of the raid. During the three months in which defendant was alleged to have converted the gasoline the tank was filled two or three times a week by turning a valve on the ¾-inch pipe where it passed through a locked room in the service station building on its way to the 10,000-gallon tank. During the same period defendant took directly from the tank two or three loads of gasoline each week, totaling 30 loads of 3,150 gallons each, and delivered the gasoline to his own service stations. No evidence was presented showing that any gasoline entered the tank except through the ¾-inch pipe. When the station was raided samples of gasoline taken from the tank showed it to be identical with the gasoline that was being transported through plaintiff's 10-inch pipe line.

The ownership of the gasoline in plaintiff and its value were established by competent evidence. Defendant admitted that he removed the gasoline from the underground tank but claimed that he had purchased it in good faith from another party.

The rule governing the trial court in granting a new trial upon the ground of insufficiency of the evidence to

justify the verdict is well established. The trial court has a wide discretion in passing on a motion when directed to the insufficiency of the evidence and its ruling in the premises will not be disturbed on appeal where there is a conflict in the evidence or where there is substantial evidence which would support a judgment in favor of the party asking for a new trial. (*Roma Wine Co., Inc.,* v. *Hardware Mutual Fire Ins. Co.,* 31 Cal. App. (2d) 455 [88 Pac. (2d) 260] ; *Wendling etc.* v. *Glenwood Lumber Co.,* 153 Cal. 411 [95 Pac. 1029] ; *Buck* v. *Borchers,* 203 Cal. 210 [263 Pac. 226].) The evidence presented by plaintiff is amply sufficient to support a verdict in its favor if such a verdict had been returned. We find no abuse of discretion in the action of the trial court in granting the motion for a new trial. The appeal is devoid of merit.

The order is affirmed.

Moore, P. J., and McComb, J., concurred.