[Civ. No. 12739. First Dist., Div. Two. Oct. 24, 1944.]

MOISE GIRARD, Respondent, v. LLOYD G. MOSER et al., Defendants; ROBERT L. MOSER, Appellant.

Appelbaum & Mitchell and John Jewett Earle for Appellant.

Charles J. Janigian and James F. Brennan for Respondent.

SPENCE, J.—Plaintiff brought this action to recover damages for personal injuries sustained in a collision between an automobile driven by plaintiff and a truck and trailer driven by defendant Robert L. Moser. A trial by the court sitting without a jury resulted in a judgment in favor of defendant Robert L. Moser. Plaintiff's motion for a new trial was granted, the order specifying insufficiency of the evidence as one of the grounds. Defendant Robert L. Moser appeals from said order, dated March 9, 1944, granting the new trial as to said defendant.

Defendant contends that "the trial court abused its discretion in granting a new trial because there was no substantial evidence in support of plaintiff's cause of action." Plaintiff apparently concedes that the order was based solely upon the ground of insufficiency of the evidence as he points to no other ground upon which the order may be sustained. Plaintiff argues, however, that while the evidence was conflicting, there was substantial evidence to support a judgment in favor of plaintiff and that the trial court therefore did not abuse its discretion in granting the motion.

The collision occurred while the vehicles were traveling in opposite directions on a straight, level highway in Monterey County at about 5 o'clock on the morning of February 15, 1941. Visibility was not good. There had been heavy rains which had ceased but it was still misty or foggy. The cars were being driven with headlights burning. A white stripe in the center divided the main improved portion of the highway into two 12-foot traffic lanes and there were 6-foot oiled shoulders and additonal dirt shoulders on the sides.

No head-on collision occurred but there was a mere "side-

swipe'' of the vehicles after the front ends had cleared. There was slight damage along the left side of defendant's trailer and slight damage along the left side of plaintiff's automobile, including the breaking of glass and the breaking of the left ''side wing.'' After the collision the cars proceeded along their courses for a distance before stopping.

The evidence was conflicting concerning the positions of the vehicles on the highway and concerning the courses which they pursued in the immediate vicinity of the scene of accident. Plaintiff's testimony was to the effect that he had traveled on his right side of the highway at all times and that the accident happened on his right side of the highway when defendant turned his truck and trailer back to defendant's right side of the highway after traveling with his truck and trailer straddling the center line. Defendant's testimony was to the effect that he had traveled on his right side of the highway at all times and that the accident happened on his right side of the highway when plaintiff crossed the center line and ''side-swiped'' the trailer. It therefore appears that there was a sharp conflict on important aspects of the testimony.

Defendant argues that the testimony of a passenger who was riding with plaintiff and the testimony of others concerning the damage to the vehicles and concerning the position of the broken glass on the highway tended to corroborate defendant rather than plaintiff; and that plaintiff's own testimony, which was the only testimony supporting plaintiff's version of the accident, was unsatisfactory in certain particulars. Defendant's argument appears impressive as an argument which might be addressed to the trier of the facts but we cannot agree with defendant's further claim that plaintiff's testimony, when read as a whole, appears so inherently improbable that it may be said as a matter of law that it ''amounted to no evidence whatever.'' We are not dealing here with any question concerning the preponderance of the evidence but we are dealing solely with the question of whether there was any substantial conflict in the evidence. We are of the opinion that there was and we therefore cannot say that the trial court abused its discretion in granting a new trial. (*Glascock* v. *Watters*, 136 Cal.App. 713 [29 P.2d 434] and cases cited.)

The order dated March 9, 1944, granting plaintiff's motion for a new trial as to defendant Robert L. Moser is affirmed.

Nourse, P. J., and Dooling, J. pro tem., concurred.