[Civ. No. 13138.   First Dist., Div. One.   Jan. 29, 1947.]

DOROTHY EFINOFF, Respondent, v. HARRY B. SHEP-HARD et al., Appellants.

Albert Picard for Appellants.

Joseph A. Brown for Respondent.

SCHOTTKY, J. pro tem.—This is an appeal by defendants from an order granting plaintiff's motion for a new trial after a verdict by the jury in favor of defendants. The action is one for damages for the wrongful death of plaintiff's husband arising from the alleged negligent operation of an automobile by defendants.

Appellants have filed an opening brief consisting of three pages and have filed no closing brief. ■ The sole contention of appellants is that the trial court abused its discretion in granting respondent a new trial upon the ground of the insufficiency of the evidence. It is a well settled rule of law that a trial court has a wide discretion in granting a new trial on the ground of insufficiency of the evidence. The trial judge is said to be in the position of a "thirteenth juror," with full power to weigh the evidence and to reach his own conclusion as to the probative value thereof. As was said in *Ogando* v. *Carquinez G. School Dist.*, 24 Cal.App.2d 567, at page 569 [75 P.2d 641] : "Defendants' second and final contention is that in any event the evidence would be insufficient as a matter of law to sustain a verdict in plaintiff's favor, and that therefore the trial court erred in granting a new trial. There is no merit in the contention. The granting of or refusal to grant a new trial rests very largely within the discretion of the trial court—a discretion which is extremely wide; and its ruling will not be disturbed, especially where, as here, a new trial has been granted on the insufficiency of the evidence, unless there is a clear and affirmative showing of a gross, manifest or unmistakable abuse of the discretion it is called upon to exercise. (20 Cal.Jur., pp. 27-31.) In other words, it is only in rare instances and on very strong grounds that the reviewing court will set aside an order granting a new trial. (*Morgan* v. *Los Angeles Pac. Co.*, 13 Cal.App. 12 [108 P. 725].) Furthermore, as frequently pointed out in the decisions, in considering such a motion it is not only the trial court's province but its duty to scrutinize and to weigh the evidence, and if in its opinion the facts upon which the decision of the jury is based are insufficient to justify that decision, or if it believes that the weight of the evidence is against the decision, a new trial should be granted, even though the inferences it may draw are opposed to those drawn by the jury. (20 Cal.Jur., pp. 26, 27.) If, therefore, on appeal the case shows a reasonable or fairly debatable justification for the trial court's order or the evidence presents a situation where reasonable minds might differ

in their deductions, said order will not be set aside, even though the court of appellate jurisdiction might take a view different from that of the trial court (*Kramm* v. *Stockton Elec. R. R. Co.*, 10 Cal.App. 271 [101 P. 914] ; *Springer* v. *Pacific Fruit Exchange*, 92 Cal.App. 732 [268 P. 951] ), or believe the evidence would be sufficient to support a judgment in the event a new trial had been denied. (*Glascock* v. *Watters*, 136 Cal.App. 713 [29 P.2d 434].) ''

An examination of the record in the instant case shows that the evidence was conflicting, and that under the rules announced in the above case it was clearly within the power of the trial court to grant the motion for a new trial.

■ In support of their argument that the trial court abused its discretion in granting the motion for a new trial, appellants quote the following statement made by the court in denying appellant's motion for a directed verdict: ''The motion will be denied. I think there is sufficient evidence to justify the case being passed upon by the jury. There is sufficient evidence to justify a decision for the plaintiff or the defendant.'' Appellants do not contend that the evidence in the case was not conflicting, but argue that because of the quoted statement the trial court abused its discretion in granting respondent's motion for a new trial. No authorities are or could be cited in support of this contention, as it is utterly devoid of merit. This same contention was disposed of in the case of *Hunt* v. *Pacific Elec. Ry. Co.*, 51 Cal.App.2d 11, where the court said at page 13 [124 P.2d 89] : ''Appellants in their brief contend that there was an abuse of discretion on the part of the trial judge, and quote at some length from his remarks made at the time of passing upon the motion for judgment notwithstanding the verdict, in which he is quoted as saying, among other things, that 'I feel the matter submitted to the jury and all of those matters were properly submitted to the jury and that there was evidence sufficient to serve as a finding for the verdict which has been just returned by the jury.' Whatever may have been the remarks or the views of the court on that occasion, he subsequently conducted a hearing upon the motion for new trial and became convinced that the motion should be granted. This action cannot now be impeached by any remarks made previously by the court during progress of the trial.''

The order granting the motion for a new trial is affirmed.

Peters, P. J., and Ward, J., concurred.