[Civ. No. 7603. Third Dist. May 16, 1949.]

ROGER C. YOST et al., Respondents, v. F. O. JOHNSON et al., Appellants.

J. Oscar Goldstein, P. M. Barceloux, Burton J. Goldstein and Goldstein, Barceloux & Goldstein for Appellants.

Pugh & Pugh and L. C. Smith for Respondents.

ADAMS, P. J.—Defendants have appealed from an order granting plaintiffs' motion for new trial after a jury returned a verdict in favor of defendants in an action by plaintiffs to recover damages for the death of their 9-year-old son who was run over and killed by a trailer attached to a truck belonging to F. O. and Katherine C. Johnson and driven by their employee, James L. Tull. The order of the court granting a new trial asserted that it was based upon the ground of "insufficiency of the evidence to justify the verdict, and that the verdict of the jury was contrary to the weight of the evidence."

The accident happened in the town of Corning, about noon on September 12, 1947. At that time the truck and trailer, both loaded with lumber, were proceeding west on Solano Street. They had been running near the center white line of the street—which was 60 feet wide—until, as they approached an intersecting street (Sixth Street, which was 56 feet wide), Tull decided to park on the north side of Solano Street after crossing Sixth Street, for the purpose of having lunch. He therefore turned gradually toward the right while slowing down to park. The decedent, who was riding a bicycle, had been following the truck, and when it slowed down and gradually pulled to the right the boy also turned slightly to the right and gained a little on the trailer. Just across Sixth Street on Solano a car was parked, and as the boy reached the point between the truck and the parked car his bicycle began to wabble, whereupon he fell to the street and his head was crushed by the wheels of the trailer. The truck driver testified that while slowing down he looked in both his left and right hand mirrors but did not at any time see the boy on the bicycle.

Respondents took the position that the truck driver should not have pulled to the right to park while the boy was riding his bicycle to the right of the trailer, and that by reason of the truck's movement the boy was "sandwiched" in between the car parked at the curb and the trailer; and that the driver of the truck should not have pulled toward the curb unless he could do so with safety to traffic coming up on his right hand as the boy on the bicycle was doing. On the other hand appellants argue that since the driver at no time saw the boy, and had gradually pulled over, as he had a right to do, the boy, having had ample time and distance to observe the movements of the truck and trailer, was guilty of contributory negligence in not doing something to avoid being caught between the trailer and the parked car.

▆▆▆ The question before us, then, is whether the trial court, in granting plaintiffs' motion for a new trial, committed reversible error.

Our Supreme Court, in comparable cases, has frequently enunciated the rule governing appellate courts in passing upon such questions. For instance, it said in *Brooks* v. *Metropolitan Life Insurance Co.*, 27 Cal.2d 305, 307 [163 P.2d 689] : "In passing upon a motion for a new trial based upon the insufficiency of the evidence, it is the exclusive province of the trial court to judge the credibility of the witnesses, determine the probative force of testimony, and weigh the evidence (*People* v. *Sarazzawski, ante*, p. 7 [161 P.2d 934] ; *Green* v. *Soule*, 145 Cal. 96, 102 [78 P. 337] ). In considering the sufficiency of the evidence upon such motion the court may draw inferences opposed to those drawn at the trial (*Mercantile Trust Co.* v. *Sunset etc. Co.*, 176 Cal. 451, 456 [168 P. 1033] ), and where the only conflicts consist of inferences deduced from uncontradicted probative facts, the court may resolve such conflicts in determining whether the case should be retried (*Cauhape* v. *Security Savings Bank*, 118 Cal. 82, 84 [50 P. 310] ). It is only where it can be said as a matter of law that there is no substantial evidence to support a contrary judgment that an appellate court will reverse the order of the trial court. (See *Dempsey* v. *Market Street Ry. Co.*, 23 Cal.2d 110, 113 [142 P.2d 929].)"

It also stated, in *Williams* v. *Field Transportation Co.*, 28 Cal.2d 696, 698 [171 P.2d 722] : "An order granting a new trial upon the ground of the insufficiency of the evidence to sustain the judgment will not be disturbed upon appeal, unless there be a clear showing of abuse of discretion. 'All presump-

tions are in favor of the order and it will be affirmed if it is sustainable on any ground. (*Mazzotta* v. *Los Angeles Ry. Corp.*, 25 Cal.2d 165, 169 [153 P.2d 338], and cases cited.) The trial court in considering a motion for new trial is not bound by a conflict in the evidence, and has not abused its discretion when there is any evidence which would support a judgment in favor of the moving party.' (*Ballard* v. *Pacific Greyhound Lines, ante,* p. 357 [170 P.2d 465].) Even if the evidence is uncontradicted, the trial judge may draw inferences from it contrary to those made by the jury, and it is his duty to resolve such conflicts in determining whether the issues should be retried. Only when, as a matter of law, there is no substantial evidence to support a contrary judgment, may an appellate court reverse an order granting a new trial. (*Brooks* v. *Metropolitan Life Ins. Co.*, 27 Cal.2d 305 [163 P.2d 689] ; *Mazzotta* v. *Los Angeles Ry. Corp., supra.*)"

In *Hames* v. *Rust,* 14 Cal.2d 119, at 124 [92 P.2d 1010], the Supreme Court also asserted: ''When the motion is granted, as here, for insufficiency of the evidence, it is only in rare cases showing abuse of discretion that an appellate court will interfere because the trial judge must weigh all the evidence and determine the just conclusion to be drawn therefrom. (*Hanlon Dry Dock & Ship. Co.* v. *Southern Pac. Co.,* 92 Cal.App. 230, 232 [268 P. 385].) It cannot be held that a trial court has abused its discretion where there is a conflict in the evidence or where there is any evidence which would support a judgment in favor of the moving party."

This court, in the case of *Kehlor* v. *Satterlee,* 37 Cal.App.2d 116, 117 [98 P.2d 759], where plaintiff's motion for a new trial was granted, said that an order granting a new trial, when it is predicated upon the insufficiency of the evidence, will not be disturbed upon appeal, except upon a showing of clear and manifest abuse of discretion on the part of the trial court in respect to the granting of the same; that the rule is simple in its application when there is a substantial conflict in the evidence upon the issues to be decided, but that even ''If there be no conflict, the discretionary power of the trial court still remains, as stated by this court in the case of *Otten* v. *Spreckels,* 24 Cal.App. 251-257 [141 P. 224],'' quoting from the Otten case as follows: ''Moreover, even in cases where there may not appear to be a conflict in the evidence, and where all the proofs seem to be favorable to the one or the other of the parties litigant, the question as to probative force or evidentiary value of the testimony, in a

proceeding on a motion for a new trial based upon the ground that the evidence is insufficient to justify the verdict, is one whose determination is with the trial court.''

In *Efinoff* v. *Shephard*, 77 Cal.App.2d 818 [176 P.2d 407], where plaintiff's motion for a new trial after verdict for defendant was granted and affirmed, the court said that it is a well settled rule of law that a trial court has a wide discretion in granting a new trial on the ground of insufficiency of the evidence; that the trial judge is said to be in the position of a ''thirteenth juror,'' with full power to weigh the evidence and to reach his own conclusion as to the probative value thereof. It quoted from *Ogando* v. *Carquinez G. School District*, 24 Cal.App.2d 567, 569 [75 P.2d 641], that it is only in rare instances and on very strong grounds that a reviewing court will set aside an order granting a new trial. Also it said that in considering such a motion it is not only the trial court's province but its duty to scrutinize and weigh the evidence, and if in its opinion the facts upon which the decision of the jury is based are insufficient to justify that decision, or if it believes that the weight of the evidence is against the decision, a new trial should be granted, even though the inferences it may draw are opposed to those drawn by the jury; and if, therefore, on appeal the case shows a reasonable or fairly debatable justification for the trial court's order, or the evidence presents a situation where reasonable minds might differ in their deductions, said order will not be set aside, even though the court of appellate jurisdiction might take a view different from that of the trial court, or believe the evidence would be sufficient to support a judgment in the event a new trial had been denied.

In the instant case we are not prepared to say as matter of law that there is no substantial evidence to support a judgment for plaintiffs, or that there was a clear or manifest abuse of discretion on the part of the trial court in granting the motion for a new trial. It saw and heard the witnesses and it was its province, as well as its duty, to weigh the evidence and reach its own conclusion as to the probative value thereof.

The order is affirmed.

Peek, J., and Thompson, J., concurred.