[Sac. No. 4546. In Bank.—April 27, 1932.]

R. A. HOFFMAN, Respondent, v. SOUTHERN PACIFIC COMPANY (a Corporation) et al., Appellants.

Levinsky & Jones, Devlin & Devlin & Diepenbrock, Wm. H. Devlin, Louis Oneal, William F. Janes and W. R. Dunn, for Appellants.

F. M. Ostrander, Philip M. Carey and W. F. Ostrander for Respondent.

THE COURT.—A hearing was granted in this case in order that we might more fully consider the contention of appellants that the award of damages was excessive. Upon such consideration, we adopt that part of the opinion of the District Court of Appeal which deals with the other issues involved in the action, as follows:

"The defendant has appealed from a judgment which was entered upon the rendering of a verdict for damages for personal injuries which were sustained as the result of a railroad crossing collision which occurred between defendant's passenger train and the plaintiff's automobile. At the time of the accident, the plaintiff was engaged in driving his machine, through a dense fog, over a country crossing, when it was struck by the locomotive engine, and he was seriously injured.

"This case has been twice before this court on appeals from previous judgments which were rendered in the same cause. We have carefully compared the evidence which is contained in the present record with the facts which are recited in the former opinion of this court as they appear in the last appeal reported in *Hoffman* v. *Southern Pac. Co.*, 101 Cal. App. 218 [281 Pac. 681], and find them to be in substantial accord. It is therefore unnecessary to restate the facts of this case. Except for the giving and refusing of certain instructions, together with the alleged prejudicial misconduct of counsel and the court, which will be hereafter considered, the judgment in this case is founded upon substantially the same facts and instructions respecting the

law of the case which were disposed of in the opinion last cited.

▉ "The respondent invokes the application of the doctrine of the 'law of the case'. This doctrine generally presupposes error in the determination of principles of law with relation to ascertained facts. Where there is a substantial difference in the evidence to which the principle of law is applied, or the weight or sufficiency of the evidence is involved, the rule may not be invoked. (*Allen* v. *Bryant,* 155 Cal. 256 [100 Pac. 704].) The reason assigned for the enforcement of the rule of the law of the case is that an appellate court may not ordinarily modify its own judgment except upon a, rehearing of the same cause. (4 C. J. 1096, sec. 3075; *Sharon* v. *Sharon,* 79 Cal. 633, 654 [22 Pac. 26, 131].) ▉ The findings of a trial court will not be disturbed on appeal, under the rule of the law of the case, where there is a substantial conflict of evidence upon the disputed issues. (*Sharon* v. *Sharon, supra.*) It is, however, true that in successive appeals the determination of all issues which were formerly decided upon substantially the same evidence will be controlling on the court as the settled law of the case. (2 Cal. Jur. 944, sec. 555; 2 C. J. 1093, sec. 3075; 2 R. C. L. 223, sec. 187; *United Dredging Co.* v. *Industrial Acc. Com.,* 208 Cal. 705, 712 [284 Pac. 922].) Assuming that the evidence in the present record is substantially the same as our recitation thereof in the previous opinion, upon all material issues, we therefore adopt that opinion as the law of this case.

"The judgment in this case was reversed upon the last appeal for the giving of an erroneous instruction which authorized the jury to render a verdict for the plaintiff based solely upon the theory of defendant's negligent operation of its passenger train over a crossing in an open country district, at an excessive rate of speed. The record was devoid of evidence of excessive speed. At the present trial that erroneous instruction was not given. The question of excessive speed of the railroad train is not here involved.

▉ "The theory upon which this case was finally tried is that the defendant was negligent in failing to ring the bell or blow the whistle of the locomotive engine before reaching the crossing where the accident occurred as required by section 486 of the Civil Code. Upon this issue there is a sharp

458

conflict of evidence. The implied finding of the jury that the defendant failed to comply with this statute is therefore controlling on appeal.

██ "A conflict of evidence also exists respecting the alleged contributory negligence of the plaintiff in failing to stop his automobile or engine before he attempted to cross the railroad track. We are unable to hold, as a matter of law, that the plaintiff was guilty of contributory negligence in that regard. This feature of the evidence was fully reviewed in the former opinion of this court. We have no desire to modify that opinion.

██ "The plaintiff is charged with prejudicial error in the examination of defendant's engineer by asking him if he did not approach the crossing without slackening the speed of the train and without regard to the foggy condition which existed. The complaint alleged, 'That said train was being operated carelessly and negligently, at an excessive and dangerous rate of speed, without warning of its approach.' This court held that under the circumstances of this case the mere rapid rate of speed of a train traveling through an open country unobstructed by physicial objects, did not constitute negligence, in spite of the presence of fog. It is true the negligence of the defendant, upon which the judgment is predicated in the present case, is the failure to ring the bell or blow the whistle of the locomotive engine before reaching the crossing as provided by section 486 of the Civil Code. The jury was repeatedly and clearly informed in the charge of the court that a judgment against the defendant could not be predicated upon excessive speed of the train. Upon this point the jury was admonished in the following language: 'I instruct you that you cannot award any damages to the plaintiff for any injuries claimed by him to have been sustained as a result of the collision between his automobile and the train, unless you find from the evidence in the case that such injuries are the proximate result of the alleged negligence of the defendant *in operating the train* of the defendant Southern Pacific Corporation *without giving warning of its approach by ringing of a bell or blowing of a whistle as provided by law.*' At the request of the defendant the following instructions were also given to the jury upon this subject: 'I instruct you that there was no law or ordinance controlling the rate of speed of

this train at the time of the accident, and, in the absence of any law or ordinance regulating the speed of the train, a rate of over sixty miles per hour was not of itself negligence.' And, 'You are further instructed that the rapid speed of a train traveling through an open country unobstructed by physical objects, regardless of the presence of fog, will not amount to negligence where the train gives reasonable warning of its approach.' In view of these instructions, it does not seem possible the jury could have been influenced by the mere propounding of the challenged questions above referred to. These questions were not prejudicial.

■ "The appellant charges as erroneous the giving of an instruction at the request of the plaintiff, on the ground that it belongs to the condemned class which comes under the term 'formula instructions'. It is claimed this instruction is fatally defective because it charges the jury that a judgment may be awarded the plaintiff if the proximate cause of the accident was the operation of the train 'in a negligent and careless manner as alleged in plaintiff's complaint, at a dangerous and excessive rate of speed without warning of its approach', provided the jury also found that the plaintiff used due care in approaching the crossing and 'was without fault himself'. This instruction then asserted that 'Ordinary care depends upon the circumstances of each particular case, and is such care as a reasonably prudent man would have exercised under the same circumstances.' The appellant claims this instruction is erroneous because it fails to inform the jury that it was necessary for the plaintiff to 'stop, look and listen' before attempting to cross the railroad track.

■ "This instruction was not erroneous. It is not always necessary for one to actually stop before attempting to cross a railroad track. Where one's vision of the track in the direction from which an approaching train may be expected is unobstructed for a reasonable distance, and his hearing is not impaired by extraneous noise or conditions, it is not necessarily requisite for one to actually stop before crossing a railroad track. Where one's view of the track and ability to hear an approaching train would not be improved by actually stopping at the crossing, it is not imperative that he should do so. Under the circumstances

460

of the present case, we are of the opinion the question of the plaintiff's contributory negligence in failing to stop his machine before crossing the track, was a problem for the determination of the jury. The jury was elsewhere fully and clearly instructed in that regard. Nor was this challenged instruction fatally defective because of the omission of any essential element. In the case of *Barham* v. *Widing*, 210 Cal. 206, 217 [291 Pac. 173, 178], wherein a similar alleged 'formula instruction' was under consideration, the Supreme Court said, 'it is inconceivable that any jury could have been misled by the mere omission' of the condition complained of, in view of the clear and correct exposition of the law which was given in the charge to the jury. All of the essential elements of the other instructions which are challenged were passed upon and approved by this court on the former appeal in this case.

██ "We observe no prejudicial misconduct on the part of either the court or counsel for the plaintiff in the trial of the case. The record indicates that the defendant was accorded a fair and an impartial trial."

██ With respect to the question of excessive damages, we think that the evidence cannot support the verdict for $50,000. It is true that the plaintiff received a serious injury to his skull, and that a substantial award is justifiable. However, in the first trial, the verdict was for something over $16,000, and in second, about $21,000. Additional evidence offered at the third trial might justify a larger sum, but the discrepancy is so great as to be entirely unwarranted. We are of the opinion that the sum of $25,000 would be reasonable. The judgment is therefore modified by reducing the amount thereof to the sum of $25,000, and as so modified, is affirmed.