[Civ. No. 9066.  First Appellate District, Division One.—January 19, 1935.]

## THE DEMOCRAT-HERALD PUBLISHING COMPANY (a Corporation), Appellant, v. RAYMOND C. PETTIT et al., Respondents.

Herbert Choynski and Sidney Rhein for Appellant.

A. Q. Lomba and G. E. Jackson for Respondents.

OGDEN, J., *pro tem.*—This is an action in claim and delivery for the recovery of a printing press purchased by respondent J. de Menezes from the defendant Pettit.  Pettit, under the name of the Pacific Printing Machinery Company,

was, at the time, engaged in the city of San Francisco in the business of buying, repairing and reselling new and rebuilt printing machinery. Representing to de Menezes that the press in question had been received by him in an exchange, Pettit sold and delivered the press to him at the latter's printing establishment in the city of Oakland where it has ever since been in use. Respondent de Menezes purchased the machinery in good faith in the ordinary course of business and paid the full purchase price of twenty-two hundred dollars therefor. Pettit had, in fact, received the press from appellant, a corporation having its place of business in the state of Oregon, upon a conditional sale agreement, reserving title in the latter until full payment of the purchase price. Upon reecipt of the press and before its sale to de Menezes, Pettit disguised the press by removing the serial number therefrom and repainting it. After selling the press to de Menezes, Pettit disappeared, retaining the full purchase price and failing to account to appellant for the amount due under his conditional sale agreement.

This appeal is taken from judgment rendered in favor of respondent de Menezes upon a retrial of the cause after reversal upon appeal of a judgment in favor of appellant. (See *Democrat-Herald Pub. Co.* v. *Pettit*, 94 Cal. App. 724 [271 Pac. 910].) The evidence received in the second trial discloses substantially the same set of facts as in the first trial and which formed the basis of that decision. Although, upon the retrial of the issues, the officer of appellant corporation who negotiated with Pettit for the conditional sale of the press to him did testify through his deposition that he neither knew nor had any information that Pettit was engaged in the buying and selling of printing machinery, the finding of the trial court to the contrary is supported by the evidence. Upon the first trial the same witness testified that he had had prior negotiations with Pettit for the sale to him of a different press, had seen advertisements of the Pacific Machinery Company in a trade journal and admitted that he did have such knowledge of the character of Pettit's business. As part of the negotiations between the witness and Pettit, the latter sent him a telegram reading as follows: "Will you supply bill of sale on Huber

Press in return for post dated check payable July first cannot finance sale to our customer otherwise.'' That appellant, through its officer, had knowledge, not only of the character of Pettit's business, but also that he intended to resell the printing press, appears from the evidence received in the retrial just as it did upon the first hearing.

It is unnecessary here to review the many authorities cited upon the question of when title passes from a conditional vendee to a purchaser from him in good faith for the law of this case has been determined upon the former appeal. The same set of circumstances being presented upon this appeal as upon the former, the decision thereon is the law of the case and determinative here. (*Ellis* v. *Witmer,* 148 Cal. 528 [83 Pac. 800] ; *Hoffman* v. *Southern Pacific Co.,* 215 Cal. 454 [11 Pac. (2d) 387].) The decision on the former appeal holds that under the provisions of section 1142 of the Civil Code title to the machinery passed to respondents. This section, since repealed, provided:

''Where the possession of personal property, together with a power to dispose thereof, is transferred by its owner to another person, an executed sale by the latter, while in possession, to a buyer in good faith and in the ordinary course of business, for value, transfers to such buyer the title of the former owner, though he may be entitled to rescind, and does rescind the transfer made by him.''

Applying the provisions of this section to the facts presented, the decision states: ''The original owner's authority to sell, mentioned in Civil Code section 1142, may be implied as well as expressed. . . . Respondent [referring to appellant here] knew that Pettit was in the business of selling presses, knew that he intended to offer for sale this press, both from knowing the nature of his business and from the exchange of telegrams. Respondent [appellant] must, therefore, be held to have authorized a resale by Pettit.'' (*Democrat-Herald Pub. Co.* v. *Pettit, supra.*)

The judgment as rendered does, however, require modification. Although the press appears still to be in possession of respondent de Menezes who prayed for no affirmative relief, the judgment provides for its recovery from appellant, or, in lieu thereof, the sum of twenty-one hundred dollars as its value. This portion of the judgment

is clearly erroneous and is accordingly . ordered stricken therefrom. As thus modified, the judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 18, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 18, 1935.