[Civ. No. 10636. Second Appellate District, Division Two.—December 12, 1935.]

ELIZABETH L. TAYLOR et al., Respondents, v. REYES RODRIQUEZ, Appellant.

C. F. Jorz for Appellant.

Harry B. Ellison for Respondents.

CRAIL, P. J.—This is an appeal from an order granting a new trial in a personal injury action arising out of an automobile collision.

At the trial the defendant (appellant) admitted his liability, and the sole question submitted to the jury was the amount of damages. Defendant cross-examined the witnesses for the plaintiff, but presented no witness in his own behalf. The jury returned a verdict against the defendant for $3,000, and judgment was entered thereon, but the court believed the damages grossly inadequate and granted plaintiffs' motion for a new trial on the ground of insufficiency of the evidence.

█ Insufficiency of the evidence to justify a verdict is a ground for new trial appealing peculiarly to the discretion of the trial court, and its order granting a new trial upon that ground will not be disturbed on appeal in the absence of a showing of abuse of discretion. █ The rule relied upon by defendant that the verdict of the jury will not be disturbed on the ground of insufficiency of the evidence unless it appears without substantial conflict that there is no evidence to sustain the verdict is a rule for the appellate courts and it has no application to the trial court. In the trial court, where the verdict appears to be against the weight of the evidence, it is not only within the discretion of the trial court, but it is that court's duty to set aside the verdict on motion for new trial. █ On appeal the presumptions are in favor of the order granting a new trial and the burden is upon the appellant to make it affirmatively appear that the order complained of is erroneous. The reason for the different rules in the respective courts is founded upon the essential distinction under our system between trial and appellate courts.

█ The contention of defendant is that this was an uncontested case and that there was no conflict in the evidence and that for these reasons the court manifestly abused its discretion and "substituted its opinion for that of the jury". The trial court did not substitute its opinion; it merely granted a new trial. It must be remembered, also, that even though there is no conflict in the evidence, if the inferences

fairly deducible therefrom are such that different conclusions might rationally be drawn therefrom by men equally sensible and impartial, as in this case with regard to the amount of the award for damages, the same rule must be applied as where the conflict arises directly from the evidence.

The plaintiffs' motion to dismiss the appeal is denied. The order appealed from is affirmed.

Wood, J., and McComb, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 10, 1936.