[Civ. No. 5965.   Third Appellate District.—October 9, 1939.]

ADA HENDERSON, Respondent, v. EUGENE BRADEN et al., Appellants.

Honey & Mayall for Appellants.

Darrah & Ellis for Respondent.

TUTTLE, J.—This is a wrongful death action arising out of an automobile accident which occurred on September 14, 1936, in San Joaquin County, California. On this day one S. T. Henderson, decedent, seventy-four years of age, and husband of plaintiff herein, was driving an Oldsmobile sedan automobile in a northerly direction on the Lower Sacramento road at a point where the same intersects with a crossroad known as Armstrong lane. Defendant and appellant Eugene Braden was driving and operating a truck in a general easterly direction along Armstrong lane, at the time and place of the happening of the accident, and was driving as the employee of defendant and appellant Neil C. Locke. Both drivers were the sole occupants of their respective vehicles.

The trial was had before a jury, which rendered a verdict in favor of defendant. Plaintiff made a motion for a new trial, and the motion was granted in general terms. Under such circumstances, it will be presumed that the order was not based upon the insufficiency of the evidence. (Code Civ. Proc., sec. 657.) The appeal is taken from said order.

It is contended by appellants that the trial court erred in granting the motion for new trial, for the reason that the evidence shows that the deceased was guilty of contributory negligence as a matter of law. The collision occurred at 10 o'clock in the morning on a clear day. The intersection was a right angle one. There is no curve on either road for a distance of a half mile or more from the intersection. There is nothing to obstruct the view of the intersection, and the Armstrong lane approaching the intersection is visible for a long distance, in respect to one approaching the intersection on the Lower Sacramento road from either the north or the south. Defendant Braden, called as an adverse witness by plaintiff, testified that he came to a stop when he reached the intersection; that he started up and entered the intersection, and had proceeded to a point where the front wheels of his truck were on the white line making the center of the Lower Sacramento road; that he then saw the deceased approaching, and practically stopped his car; that the deceased was travel-

ing at the rate of fifty-five or sixty miles per hour; that the car of deceased was struck by the front of his truck, damaging the bumper and front fender slightly, that the Oldsmobile skidded for some twenty-five feet, and then turned over twice. Witness Davis, *for plaintiff* (a stranger to both parties), saw the collision as he was driving toward the intersection from the north. He testified that he saw the truck approach the intersection and stop, and then proceed across at the rate of fifteen miles per hour; that he saw the truck enter the intersection, and *at that time* did not see the car of deceased, and that after the collision, the latter car came to rest about one hundred fifty feet from the point of contact. There were no skid marks left by the Oldsmobile as it approached the intersection, and no evidence of any attempt upon the part of deceased to slow down before the collision. On the other hand, the uncontradicted evidence shows that the driver of the truck used considerable care in crossing the Sacramento road. He stopped, and then proceeded at a lawful and reasonable rate of speed as he entered the intersection.

We agree with the contention of appellants that the record shows deceased was guilty of contributory negligence as a matter of law. Under the facts here, the only reasonable inference to be drawn is that if deceased had used ordinary care in respect to looking ahead, he would have seen the truck and, by the exercise of due care, avoided the collision. If he did see the truck, his conduct would clearly amount to negligence, as there is no evidence to show that he slackened his speed or applied his brakes on approaching the intersection. Under the facts and circumstances here proven, the only reasonable inference to be drawn is that if he had looked, he must have seen the truck, not only when it stopped at the intersection, but also after it had entered the intersection.

There is also the matter of contributory negligence arising out of the violation of statutory law.

Section 550 (a) of the Vehicle Code provides:

"The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway."

Giving plaintiff the benefit of every favorable inference, fairly deducible, and every favorable presumption fairly

arising from the evidence produced in her behalf, the evidence here shows without contradiction that the driver of the truck entered the intersection, at a lawful rate of speed, prior to and before deceased entered it. The failure upon the part of deceased, to yield the right of way, contributed directly to the injury, and this established a complete defense to the action. (19 Cal. Jur., p. 632, par. 65.)

■ It is well settled that where the evidence as a whole would be insufficient as a matter of law to support a verdict in favor of the moving party, an order granting a motion for new trial cannot be sustained. (*Moss* v. *Stubbs*, 111 Cal. App. 359–363 [295 Pac. 572, 296 Pac. 86], where numerous cases are cited.)

It is urged by respondent that the trial court erred in respect to giving an instruction at the request of appellants, and that counsel for appellants was guilty of prejudicial misconduct. In view of the fact that the evidence as a whole is insufficient to support any other verdict than that found by the jury, we do not deem it necessary to discuss these matters.

We have gone over the entire record, and are satisfied that the jury reached the only verdict possible under the law and the facts.

The order granting the motion for new trial is reversed.

Deirup, J., *pro tem.*, and Thompson, Acting P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 9, 1939.