[Civ. No. 15597.  Second Dist., Div. Three.  June 18, 1947.]

ALBERT MANN, Appellant, v. ADELLE SHIPLEY, Respondent.

A. J. O'Connor, George J. Hider and Birger Tingloff for Appellant.

Forrest A. Betts and Walter Ely for Respondent.

SHINN, Acting P. J.—Plaintiff brought this action for the alleged wrongful death of his two-and-one-half-year-old daughter, who fell from the roof of defendant's apartment house through a screened ventilating shaft.  Defendant's answer denied negligence and pleaded contributory negligence

of the child's mother, plaintiff's wife, in allowing the child to play on the roof. The action was tried to a jury and a verdict of $6,000 was returned in favor of plaintiff. On defendant's motion a new trial was ordered on the ground of insufficiency of evidence and that the verdict was contrary to law, and plaintiff appeals from that order.

The apartment building was owned by defendant, and a Mrs. Kostelnik was one of the tenants. Mrs. Mann was employed in the check room, and Mrs. Kostelnik as cashier, at a night club, and they were friends of long standing. Mrs. Mann visited Mrs. Kostelnik at the apartment house about three times a week. Children were not allowed to live there, and Mrs. Kostelnik's twelve-year-old son was only allowed to visit her after she obtained permission for him to do so. The written permission that was required stated that children allowed in the apartments were not permitted to loiter in the hallways or elsewhere about the premises, other than in the apartment where they were visiting. Mrs. Mann was familiar with this practice, having been so informed by Mrs. Kostelnik.

On the day of the accident, after the arrival of Mrs. Mann and her daughter, Mrs. Kostelnik started up to the laundry room near the roof to do her laundry, and Mrs. Mann changed her clothing and removed most of the clothing of the child. She testified that Mrs. Kostelnik invited her to go to the roof to sun bathe and that she went there with her daughter; that the daughter stepped outside and her mother brought her back and put on her shoes; she had only looked out upon the roof through the doorway prior to the time the child fell into the air shaft; the child was playing up and down the steps leading to the roof and out on a boardwalk on top of the roof; Mrs. Kostelnik was washing clothes in the laundry room, which was close to the doorway leading to the roof; Mrs. Mann was standing in the doorway talking to Mrs. Kostelnik and watching her child; at the outer edges of the roof there was nothing other than a coping some 6 inches high; the air shaft was but a few feet away from the doorway, and the boardwalk on which the child was playing was but a few inches from the air shaft; there was a coping around the shaft, some 3 inches high, and also a wooden railing with a single rail approximately 30 inches above the coping; the child reached for the railing, her mother saw her and reached for her too late to catch her as she fell through the shaft. Mrs. Mann testified that she had never

seen an air shaft and did not know what they were. Mrs. Kostelnik testified that she went up near the roof to do her washing, had done one tub of clothes and hung them out on the roof and then returned to her apartment and asked Mrs. Mann to come upstairs and sit on the steps with her daughter so they could get some sun; that she then returned to the washroom and after Mrs. Mann and the daughter came up she asked Mrs. Mann the time of day, and that the accident happened immediately afterward. Mrs. Kostelnik also testified that she did not tell Mrs. Mann she could go on the roof or take her daughter there; that she, Mrs. Kostelnik, knew that it was forbidden; that there was a sign on the door leading to the roof, reading as follows: ''Only those who do some clothes washing are permitted on the roof, others please keep off. Order of the Owner.'' In a written statement three days after the accident Mrs. Mann said that the door to the roof was closed when she came to it. The sign was on the inside of the door and visible to one approaching on the stairs.

The issues in the case were whether defendant was guilty of a breach of duty which she owed guests of her tenants in the apartment house and whether Mrs. Mann was guilty of contributory negligence in allowing her child to go upon the roof.

That the poorly-guarded air shafts created a condition on the roof which was dangerous for small children cannot be questioned, but it does not necessarily follow that defendant was guilty of negligence in allowing that condition to exist. Mrs. Kostelnik knew of the condition. Children were not allowed in the apartments except by special permission, and then were required to be kept in the apartments where they were visiting. None but adults were allowed to use the roof and then only for necessary purposes. There was a warning sign to this effect upon the door opening onto the roof. Mrs. Mann and her daughter were not invitees of defendant. They had been invited to the stairway leading to the roof by Mrs. Kostelnik, but according to the latter, had not been invited to go onto the roof, but only onto the steps at the entrance to the roof, where they would be in the sun. An invitation for Mrs. Mann to go onto the roof, either with or without her daughter, would have been contrary to rules established by defendant and the warning which she had caused to be placed on the door. Mrs. Kostelnik had no implied authority to allow her guests to use the roof in violation of the rules established by defendant.

Unless Mrs. Mann was an invitee of defendant upon the roof of the building, the latter owed her no duty to maintain the premises in a reasonably safe condition. It would have been defendant's duty to maintain portions of the building which remained under her control for the use of tenants and their guests, such as the entrance to the building and the hallways, in a reasonably safe condition, but this duty would not extend to the roof of the building, which was not maintained for the use of guests of tenants, where Mrs. Mann had not been invited to go, and where not even tenants were permitted unless they were doing their washing. From the testimony of Mrs. Mann that she stayed in the doorway and endeavored to keep her child there, and from the testimony of Mrs. Kostelnik, it could have been believed that Mrs. Kostelnik did not extend an invitation to Mrs. Mann to go upon the roof. The trial judge could also have believed that Mrs. Mann knew that her daughter was allowed upon the premises only upon the condition that she be kept in the apartment where she was visiting, and also that she did not understand that she had an invitation, even from Mrs. Kostelnik, to go upon the roof or to allow her child there. ■ It was the duty of the court, upon motion for a new trial, to determine whether the implied finding of the jury that Mrs. Mann and her child were invitees upon the roof was in accordance with the weight of the evidence. One implication of the order granting the motion was that there was an absence of sufficient proof upon that point. From a review of the evidence we are satisfied that a determination by the jury that no such invitation was extended would have found support in the evidence, and in view of that conclusion we would not be justified in disturbing the order. ■ An order granting a new trial for insufficiency of the evidence may not be reversed except for manifest abuse of discretion. It is well established that it is not an abuse of discretion to grant a new trial for insufficiency of the evidence if the evidence is such as would support a verdict for the moving party. (*Ballard* v. *Pacific Greyhound Lines,* 28 Cal.2d 357 [170 P.2d 465] ; *Williams* v. *Field Transportation Co.,* 28 Cal.2d 696 [171 P.2d 722] ; *Brooks* v. *Metropolitan Life Ins. Co.,* 27 Cal.2d 305 [163 P.2d 689] ; *Mazzota* v. *Los Angeles Ry. Corp.,* 25 Cal.2d 165 [153 P.2d 338].)

■ An independent ground for affirmance of the order is that a determination by the jury that Mrs. Mann was

guilty of contributory negligence in caring for her child would not have been unsupported by the evidence. The dangerous condition, due to the poorly-guarded air shafts, was patent. Mrs. Mann observed the condition and she realized also that it would be dangerous to allow her child to go upon the roof for the reason that the edges of the roof were unguarded. While Mrs. Mann did not recognize the openings as air shafts, she realized that they were places of danger, especially so to a young child. It was clearly a question for the jury whether she exercised ordinary care in not maintaining closer supervision of her daughter. As we have said, a finding that she failed to exercise proper supervision would not have been unjustified.

It was the duty of the court to weigh the evidence and to determine whether in the light of the evidence the verdict was a just one. Having reached the conclusion that the verdict was unsupported, it was equally the duty of the court to grant defendant's motion. It is no more within the power of this court to interfere with a decision of a trial judge as to the weight of the evidence as determined by him on a motion for a new trial, than it is to review the determinations of fact of a jury.

Since the order is sustainable for the reasons stated, it is unnecessary to consider other grounds urged by defendant in support of the order.

The order and judgment are affirmed.

Wood, J., and Kincaid, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 14, 1947. Carter, J., voted for a hearing.