[Civ. No. 7631.   Third Dist.   Sept. 16, 1949.]

H. G. REMBOLD et al., Appellants, v. WILVIN E. GOODWIN, Respondent.

Forrest E. Macomber for Appellants.

Honey & Mayall and Len. H. Honey for Respondent.

ADAMS, P. J.—This is an appeal by plaintiffs from an order granting defendant's motion for a new trial after a jury verdict in favor of H. G. Rembold, the surviving husband of Thelma Rembold, deceased, and Verne Marie Rembold, daughter of decedent, in an action to recover damages for the death of said Thelma Rembold who was killed in an automobile collision alleged to have been due to the negligence of defendant Goodwin; also granting said defendant a new trial after a verdict in favor of H. G. Rembold for damages for injuries sustained by him in the same collision.

The order granting a new trial was based upon all of the grounds stated in the notice of motion, including insufficiency of the evidence to justify the verdict and judgment.

The evidence shows that the accident occurred on a highway in San Joaquin County, about 10:15 p. m., on a clear, moonlight night in May, 1947. Defendant was driving a truck to which was attached a trailer laden with baled hay. Plaintiff H. G. Rembold was driving an automobile following the truck. He ran into defendant's trailer. Mrs. Rembold, who accompanied her husband, was killed and Rembold sustained injuries. The evidence is conflicting as to whether defendant's vehicles were moving or were stationary when plaintiff's automobile ran into the trailer, as to whether they were lighted or dark, and as to their position on the highway.

Appellants' sole contention is that the trial court abused its discretion in granting a new trial.

In the recent case of *Yost* v. *Johnson,* 91 Cal.App.2d 849 [206 P.2d 13], this court considered a similar question and affirmed the order of the trial court granting a new trial. We there cited and quoted from the opinion of the Supreme Court in *Brooks* v. *Metropolitan Life Insurance Co.,* 27 Cal.2d 305, 307 [163 P.2d 689], in which latter case it was said that in passing upon a motion for a new trial based upon the insufficiency of the evidence it is the exclusive province of the trial court to judge the credibility of the witnesses, determine the probative force of testimony, and weigh the evidence; that in such cases it is only when it can be said as a matter of law that there is no substantial evidence to support a contrary judgment that an appellate court will reverse the order of the trial court. We also quoted from *Williams* v. *Field Transportation Co.,* 28 Cal.2d 696, 698 [171 P.2d 722], to the effect that an order granting a new trial upon the ground of the insufficiency of the evidence to sustain the judgment will not be

disturbed upon appeal unless there is a clear showing of abuse of discretion; that all presumptions are in favor of the order and it will be affirmed if it is sustainable on any ground; and that only when, as matter of law, there is no substantial evidence to support a contrary conclusion may an appellate court reverse it.

Other cases are cited in *Yost* v. *Johnson,* and reference thereto is sufficient without repetition here. Our conclusion in the case before us is the same as was drawn in that case, to wit, that we cannot say, as matter of law, that there is no substantial evidence to support a judgment for the party moving for a new trial; that the trial court saw and heard the witnesses and it was its province, as well as its duty, to weigh the evidence and reach its own conclusion as to the probative value thereof.

The order appealed from is affirmed.

Peek, J., and Thompson, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied November 14, 1949.