MARY ESTHER RIDENOUR, Appellant, v. FRANK JOSEPH SCARCELLA et al., Respondents.

Robert E. Krause and Allen R. Steele for Appellant.

Blodget & Blodget for Respondents.

BARNARD, P. J.—The plaintiff appeals from an order granting a new trial on the ground of insufficiency of the evidence to support the jury's verdict in favor of the defendants.

The plaintiff was injured on July 23, 1949, in a collision between a Ford car, in which she was riding as a guest, and a 10-wheel truck driven by one of the defendants. The accident occurred on a four-lane highway about a quarter of a mile northerly from Huntington Beach. The highway was level and dry, the evening was clear, and the visibility was good. A line of cars was parked solidly on the westerly shoulder, nearest the ocean, except for one parking place. The truck was traveling southerly towards San Diego in the right-hand lane of traffic when a gray car in front of it stopped for the purpose of backing into this parking place. The driver of the truck stopped behind the gray car and sounded his horn. When the gray car did not move, the driver of the truck looked to his rear and seeing no other car coming gave a left signal with his mechanical arm and pulled over into the inside of the two southbound lanes for the purpose of passing the stopped car. When the truck was alongside the stopped car and parallel to it, the car in which the plaintiff was riding, which was proceeding southerly towards San Diego, collided with it. The right front end of the Ford came in contact with the left rear end of the truck, with resulting injuries to the plaintiff.

It is well settled that the granting of a new trial rests largely within the discretion of the trial judge, and that such an order will not be reversed unless an abuse of that discretion clearly appears. (*Mazzotta* v. *Los Angeles Ry. Corp.*, 25 Cal. 2d 165 [153 P.2d 338].) An order granting a new trial on the ground of insufficiency of the evidence will be reversed only where it appears, as a matter of law, that there is no substantial evidence which would support a contrary judgment. (*Ballard* v. *Pacific Greyhound Lines*, 28 Cal.2d 357 [170 P.2d 465].) The plaintiff, while conceding these rules, contends that the evidence here was insufficient, as a matter of law, to support a verdict in favor of the defendants, and that an abuse of discretion clearly appears. In support of this contention, it is argued that the "great preponderance and overwhelming weight of the evidence justified the verdict"; that the evidence conclusively shows the negligence of the defendants; and that there was little or no conflict in the evidence relating to the questions of liability and damages "except as to the testimony of Frank Scarcella, the driver of the truck."

There was not only a conflict between the testimony of the driver of the truck and that given by plaintiff's witnesses,

but there was a conflict between portions of the testimony of plaintiff's own witnesses. There was a conflict between the testimony of the plaintiff and that of the driver of the car in which she was riding; also between the testimony of that driver and that of other witnesses; and the testimony of the plaintiff's main witness, aside from the driver of her car, was more favorable to the defendants than otherwise. The evidence was also conflicting with respect to the extent and permanence of plaintiff's injuries.

The driver of the truck testified that the gray car stopped in front of him; that he stopped and blew his horn twice; that the other car did not move; that he looked to the rear and saw no cars coming; that he lifted his mechanical signal for a left turn, shifted to a low gear and pulled over into the inside lane; that as he got past the stopped car he changed to a higher gear and then saw lights in back of him; and that he was just deciding to pull to the right into the outside lane again when the impact occurred.

The driver of the car in which plaintiff was riding testified that he was proceeding toward San Diego and was traveling in the inside lane; that when he first saw the truck start to turn into his lane of traffic "I thought the best chance was to get around it because it was real close"; that he saw the gray car stopped in the right lane and decided that he could not go to the right of the truck; that he then crossed the double line, getting three fourths of his car in a northbound lane with the idea of passing to the left of the truck; that to avoid oncoming traffic in the northbound lanes he came back into his own lane; and that he did not apply his brakes until after he came back into his own lane. The evidence indicates that after he did apply his brakes his car skidded 27 feet with locked wheels.

A witness for the plaintiff, who was sitting in a car on the right shoulder about six or seven car-lengths north of the point of impact, testified that he saw the gray car prepare to back up into the parking place; that the truck came up and stopped behind the gray car; that the truck then started to pull around the gray car, its acceleration being slow; that just about the time the truck was alongside of the gray car "I noticed another car coming up the highway, it seemed to me at high rate of speed"; that this oncoming car hit the back of the truck; and that at that time the truck was parallel to and alongside the gray car.

In the situation disclosed by the evidence the question

of negligence is peculiarly one of fact rather than one of law. This truck would necessarily start slowly from a complete stop. It had safely made a turn to its left and another to the right, and had traveled far enough in the inner lane to get up even with the stopped gray car according to plaintiff's evidence, or ahead of that car according to the evidence for the defendants. During all of this time the truck was visible to the driver of the other car, if he was looking, as there were no cars in between to obstruct his vision. After he did see the truck and after deciding that he could not go around to the right because the gray car was in that lane he traveled a considerable distance, going across the double line and back again, before deciding to apply his brakes. When this was done he skidded sufficiently to leave rubber marks on the pavement for 27 feet before he ran into the truck. ■ The evidence was conflicting at best, and to say that there was some substantial evidence which would have supported a judgment for the defendants is rather an understatement. A factual question was presented to the court, on the motion for a new trial, and no abuse of discretion appears.

The order appealed from is affirmed.

Griffin, J., and Mussell, J., concurred.