[Civ. No. 15892. First Dist., Div. Two. June 29, 1954.]

DEWEY DESHOTEL, JR., Respondent, v. ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY (a Corporation) et al., Appellants.

Robert W. Walker, William F. Brooks, Hardin, Fletcher, Cook & Hayes and Cyril Viadro for Appellants.

James A. Myers and D. W. Brobst for Respondent.

KAUFMAN, J.—This is an appeal by defendants, The Atchison, Topeka and Santa Fe Railway Company and William M. Floyd, an employee of said company, from an order granting plaintiff a new trial in an action for personal injuries.

On January 11, 1952, shortly after 9:30 a. m. plaintiff and respondent, Dewey Deshotel, was seriously injured as a result of a collision between the Yellow Cab in which he was a passenger and a Santa Fe train at the intersection of Parker and Acton Streets in the city of Berkeley. Respondent sued the Yellow Cab Company, its driver Hughes, and the Santa Fe Railway alleging negligence on the part of each corporate defendant in separate counts, and concurrent negligence of both in a third count. The jury returned a verdict for $300,000 against the Yellow Cab Company, and a verdict in favor of the defendant Santa Fe.

Motions for new trial were filed by both plaintiff and Yellow Cab Company. The court granted a new trial "upon all the issues" as to both motions. As to plaintiff's motion against defendant Santa Fe, the court granted the motion upon the ground of the insufficiency of the evidence to justify the verdict and errors of law occurring at the trial. The Yellow Cab Company's motion was granted upon all issues "upon the ground of excessive damages appearing to be given under the influence of passion and prejudice and errors in law occurring at the trial."

Appellants contend that the trial court abused its discretion

in granting respondent a new trial on the ground of the insufficiency of the evidence to justify the verdict. While it is admitted that the trial court's discretion on such a motion is very broad, it is argued that this is a case where it was arbitrarily exercised, since here, as a matter of law, the negligence of the Santa Fe, if there were any, could not have been a proximate cause of the accident. (See *Harvey* v. *Machtig,* 73 Cal.App. 667, 677 [239 P. 78]; *Moss* v. *Stubbs,* 111 Cal. App. 359, 363 [295 P. 572, 296 P. 86]; *Henderson* v. *Braden,* 35 Cal.App.2d 88, 91 [94 P.2d 625]; *de la Falaise* v. *Gaumont-British P. Corp.,* 39 Cal.App.2d 461, 467 [103 P.2d 447].)

At the outset, it may be said that the granting of a motion for new trial is largely within the discretion of the trial judge, and will be reversed only if an abuse of discretion clearly appears. (*Mazzotta* v. *Los Angeles Ry. Corp.,* 25 Cal.2d 165 [153 P.2d 338].) An order granting a new trial on the ground of the insufficiency of the evidence, one of the grounds on which the order appealed from herein was granted, will not be reversed unless it appears as a matter of law that there was no substantial evidence which would support a contrary verdict. (*Ballard* v. *Pacific Greyhound Lines,* 28 Cal.2d 357 [170 P.2d 465]; *Ridenour* v. *Scarcella,* 107 Cal. App.2d 554 [237 P.2d 322]; *Mann* v. *Shipley,* 80 Cal.App.2d 453 [181 P.2d 641].) It is for the trial court on such motion to judge the credibility of the witnesses and determine the probative force of the testimony and weight of the evidence. On appeal all presumptions are in favor of the order and it will be affirmed if sustainable on any ground. (*Rembold* v. *Goodwin,* 93 Cal.App.2d 605 [209 P.2d 402]; *Taylor* v. *Rodriquez,* 10 Cal.App.2d 608 [52 P.2d 494]; *Bauman* v. *San Francisco,* 42 Cal.App.2d 144, 159 [108 P.2d 989].)

Appellant takes the position that the failure of the cab driver to stop, look and listen at the intersection, as he was required to do by section 576(a) of the Vehicle Code, was the sole proximate cause of the accident, and therefore if there was any negligence on the part of the Santa Fe it could not have contributed to the accident. There was testimony that the cab driver drove in a straight line into the train, that his skid marks were only 5 feet on the one side and 9 feet on the other, showing that he did not apply his brakes until he had nearly collided with the train. The cab driver had suffered a loss of memory of the accident and of the events immediately preceding it, hence he was unable to testify as

to how the accident occurred. His passenger, Dewey Deshotel, plaintiff herein, had also suffered a similar loss of memory. The driver did testify that he did not recall ever having been over this crossing before, that the only crossings of the Santa Fe that he had been over were those protected by wigwag signals. There was testimony that all street crossings from the yard limits of the Santa Fe to that here involved with the exception of Derby Street, were protected by electric wigwag signals where the street was a through street, that is one continuing on past the track on the other side. If the street did not so continue on the other side of the track, then there was no wigwag. The diagram and photograph introduced into evidence show that the railroad track at the intersection is flush with the pavement and that the railroad crossarm warning device is placed between ornamental trees. The crossarm visible in the photograph on the left side nearest the track is to some extent obscured by the trees. The diagram shows that the crossarm on the right side is similarly situated between the same type of trees.

Appellant has placed great emphasis on the fact that the speed of the train was not a proximate cause of the accident, because traveling at the speed of 20 miles per hour prescribed for this area by the company rules, the train could not have been stopped in time to avoid hitting the cab. Even if the testimony that the train was traveling at approximately 20 miles per hour is taken as true, and that of another witness who estimated the train's speed at 35 miles per hour is discounted, still it is a question of fact whether 20 miles per hour was a reasonable speed under these circumstances. Whether or not the Santa Fe Railway was negligent is not to be judged by the speed of the train alone. If the warning devices are insufficient to alert drivers to the fact that they are approaching a crossing, such negligence may be considered one of the proximate causes of an accident. The photograph shows that the area where the accident occurred is a residential district. All the testimony is to the effect that it was a rather dark day, that it was or had been raining. There was some testimony that visibility was bad, other testimony that it was fair. Several witnesses testified to the fact that another car was traveling a short distance ahead of the Yellow Cab, estimated variously from a car length to 25 feet, that it proceeded directly across in front of the train and narrowly escaped being hit.

In view of the condition of the crossing, the area in which it was situated, and weather conditions, a speed of 20 miles per

hour, which would not permit the train to be stopped within a distance of less than 450 to 500 feet might be considered negligent.

It would seem to have been quite material whether or not warning signals were sounded at a crossing such as this. Appellant admits that the testimony of the witnesses differs on the question of whether the bell was ringing and the whistle blowing. Public Utilities Code, section 7678, declares that it is a misdemeanor for a person in charge of a locomotive-engine to omit to cause a bell to ring or steam whistle, air siren or air whistle to sound at least 80 rods from a crossing and up to it. Public Utilities Code, section 7604, provides that a bell of at least 20 pounds weight shall be placed on each locomotive engine, "and shall be rung at a distance of at least 80 rods from the place where the railroad crosses any street, road, or highway, and be kept ringing until it has crossed the street, road, or highway; or a steam whistle, air siren, or an air whistle shall be attached, and be sounded, except in cities, at the like distance, and be kept sounding at intervals until it has crossed the street, road, or highway." A penalty is provided for violation of this section, and it is further provided that the corporation is liable for all damages sustained by any person "and caused by its locomotives, train, or cars, when the provisions of this section are not complied with." Testimony either negative or positive that there was no bell ringing or whistle sounding as the train passed over a public crossing has been held sufficient to sustain a finding of negligence. (*Jones* v. *Southern Pac. Co.*, 74 Cal.App. 10 [239 P. 429]; *Switzler* v. *Atchison, T. & S. F. Ry. Co.*, 104 Cal.App. 138 [285 P. 918]; *Lahey* v. *Southern Pac. Co.*, 16 Cal.App.2d 652 [61 P.2d 461]; *Hoffman* v. *Southern Pac. Co.*, 215 Cal. 454, 457 [11 P.2d 387].) It is unnecessary to review all the testimony of the witnesses on this point in view of appellant's admission that it differs. His argument discounting the testimony of certain witnesses because they were not particularly listening for the signals or because they were so used to them that they paid no attention, is merely an argument as to the weight of the evidence. It is noteworthy that one witness who was driving not far from the scene of the accident, did not recall hearing any signals but did hear the noise of the train's brakes being applied.

Appellants' contention that the evidence shows how little the train crew could have done and how much the cab driver could have done to avoid the accident might be good if an

argument on comparative negligence were pertinent. No matter how small the amount of negligence on the part of the railway, if it proximately contributed to the accident it would justify a verdict against the railway as well as the Yellow Cab Company. As noted above, the negligence need not be solely that of the train crew. It may be that of the company in not sufficiently protecting the crossing under the existing conditions, and in not directing the train crew to proceed at slower speeds over such crossings. Concurrent negligence was charged by the complaint herein, as well as the negligence of each defendant separately. Where such is the case, if one defendant would establish that the negligence of the other is the sole proximate cause of the collision, it must appear that his own negligence was so disconnected in time and nature as to demonstrate that the damage was not in any way the natural or probable consequence of such negligence. (See *Smith* v. *Schwartz,* 14 Cal.App.2d 160 [57 P.2d 1386]; *Stevenson* v. *Fleming,* 47 Cal.App.2d 225 [117 P.2d 717]; *Day* v. *General Petroleum Corp.,* 32 Cal.App.2d 220 [89 P.2d 718]; 7 Cal.Jur.2d 264.)

It may therefore be said that if a verdict had been rendered against the Santa Fe as well as against the Yellow Cab Company, there would have been sufficient evidence in the record to support such verdict. On a review of an order granting a new trial all presumptions are in favor of the order, and it will be affirmed if sustainable upon any ground. The present order is sustainable upon the ground of the insufficiency of the evidence, one of the grounds stated by the trial judge in the order, and it cannot be said that evidence to support a verdict against appellant railway is insufficient as a matter of law. No abuse of discretion has been shown. (*Rembold* v. *Goodwin,* 93 Cal.App.2d 605 [209 P.2d 402]; *Mann* v. *Shipley,* 80 Cal.App.2d 453 [181 P.2d 641].)

What has been said above requires an affirmance of the order, and discussion of appellant's second contention is unnecessary for a disposition of the case. Nevertheless, it may be said that it is well settled that it is error to give the instruction complained of by respondent herein in a civil case. The instruction was not given at respondent's request. The jury was instructed that:

"It is prima facie unlawful, under Section 511 of the Vehicle Code of California, for the driver of a vehicle to exceed the speed of 15 miles an hour when traversing a grade

crossing of a railroad track, if during the last 100 feet of the approach to such crossing the driver does not have a clear and unobstructed view of such crossing and of any traffic upon such railway for a distance of 400 feet in both directions along such railway, unless the driver of such vehicle establishes by competent evidence that any said speed in excess of 15 miles an hour did not constitute a violation of the basic speed law, as declared in Section 510 of the Vehicle Code, at the time, place, and under the conditions then existing."

The giving of this portion of section 511 of the Vehicle Code has been held to be erroneous in numerous cases because it is applicable only to criminal actions, and it improperly shifts the burden of proof in a civil action on the issue of speed from the plaintiff to the defendant. And when it is given with section 513 of the Vehicle Code which states the rule for civil actions, it creates a conflict. (*Westberg* v. *Willde,* 14 Cal.2d 360 [94 P.2d 590]; *Akers* v. *Cowan,* 26 Cal.App.2d 694 [80 P.2d 143]; *Anderson* v. *Mothershead,* 19 Cal.App.2d 97 [64 P.2d 995].) In the present case, section 513, stating the correct rule was not even given. Appellant contends that the instruction could not have been prejudicial, however, and attempts to distinguish the Westberg and Akers cases on the ground that in those cases both the incorrect instruction on burden of proof similar to that given here, and the correct instruction on section 513 of the Vehicle Code were given. Hence, it was necessary to reverse because of the conflict, the court being unable to tell whether the correct or incorrect instruction had been followed. But it would seem all the more likely that a jury would fall into error if they had only the incorrect instruction as in the present case. There was not even a chance, as in the above two cases, that they might have been guided by the correct rule. *Anderson* v. *Motherheads, supra,* was a case similar to this, where the court did not instruct on the correct rule of section 513. The court there plainly stated that the giving of the instruction was prejudicially erroneous. (*Anderson* v. *Mothershead, supra.*) Appellant contends that it is speculative whether the court there would have reversed on that ground alone, since other errors were committed, as well. However, the case is a direct holding that it is prejudicial error to give an instruction on section 511, Vehicle Code, similar to that given herein. (See also *Burch* v. *Valley Motor Lines, Inc.*, 78 Cal.App.2d 834, 848 [179 P.2d 47]; *Anderson* v. *New-*

*kirch,* 101 Cal.App.2d 171, 178 [225 P.2d 247]; *Cavalli* v. *Luckett,* 40 Cal.App.2d 250, 256 [104 P.2d 708].)

Appellant cites *Shuey* v. *Asbury,* 5 Cal.2d 712 [55 P.2d 1160], wherein on appeal from the judgment it was held that an erroneous instruction to the effect that defendant was guilty of negligence as a matter of law if her speed exceeded 20 miles per hour was not prejudicial, since under the facts of the case, it was apparent that no other verdict could have been rendered. Also cited is *Wood* v. *Moore,* 64 Cal.App.2d 144, 149 [148 P.2d 91] and wherein it was held that the instructions were not prejudicial to the complaining party since there was no issue as to her speed and the evidence of her negligent operation of her car was overwhelming. Again in *Noble* v. *Miles,* 129 Cal.App. 724, 727-728 [19 P.2d 265], such erroneous instructions were held not prejudicial where the element of speed was not considered a controlling element in the case. All of these cases were appeals from judgments. None were cases in which the court was considering an appeal from an order granting a new trial wherein all presumptions are in favor of the order. Here the burden is on appellant to establish affirmatively that the order is erroneous. (*Taylor* v. *Rodriquez,* 10 Cal.App.2d 608 [52 P.2d 494].)

Appellant argues that the instruction could have no effect on the verdict obtained by the Santa Fe since the speed of the cab was material, if at all, only as to the defendant cab company. Santa Fe's negligence in no way depended on who had the burden of proving that the cab driver was negligent. Appellant's argument that the erroneous instruction worked to the advantage of the respondent is not sound for if the instruction tended to shift all blame for the accident to one defendant, it prejudiced the respondent in his right to secure judgment against both parties if the negligence of both contributed to the accident. The present case is somewhat similar on its facts to *Bayley* v. *Souza,* 42 Cal.App.2d 166 [108 P.2d 725], wherein one defendant had been exonerated, and the court there noted that the ends of justice would best be served by granting a new trial as to all defendants on all the issues. The trial judge herein evidently viewed the matter in that light. No abuse of discretion appears to have been committed.

Order granting respondent a new trial is hereby affirmed.

Nourse, P. J., and Dooling, J., concurred.